*Orellana-Rodriguez v. Sessions*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of Februay, two thousand seventeen.

PRESENT:
>
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> *Circuit Judges*,

_____

DARBIN OLIVERIO ORELLANA-RODRIGUEZ,

     *Petitioner*,

        v.                 No. 15-1625

JEFF SESSIONS, UNITED STATES ATTORNEY GENERAL,

     *Respondent.*\*

_____

| | |
|---|---|
| FOR PETITIONER: | LAWRENCE G. SPIVAK, Jamaica, NY. |
| FOR RESPONDENT: | EVAN P. SCHULTZ (Benjamin C. Mizer, Stephen J. Flynn, *on the brief*), United States Department of Justice, Washington, DC. |

---

\*    Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Petition for review of a decision of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the April 17, 2015 Board of Immigration Appeals decision is **GRANTED**.

Petitioner Darbin Oliverio Orellana-Rodriguez, a native and citizen of Guatemala, seeks review of an April 17, 2015 decision of the Board of Immigration Appeals ("BIA"), affirming an October 30, 2013 decision of an Immigration Judge ("IJ") denying Orellana-Rodriguez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Darbin Oliverio Orellana-Rodriguez,* No. A94-004-314 (B.I.A. Apr. 17, 2015) ("*BIA Op.*"), *aff'g* No. A94-004-314 (Immig. Ct. N.Y. City Oct. 30, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case, to which we refer only as necessary to explain our decision.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The "substantial evidence" standard of review applies to the IJ's factual findings, and we review questions of law *de novo. See* 8 U.S.C. § 1252(b)(4); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum and withholding of removal based on membership in a particular social group, *see* 8 U.S.C. § 1101(a)(42), the applicant must show both that the group is legally cognizable, *see Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (per curiam), and that the applicant has suffered past persecution or has demonstrated a well-founded fear or likelihood of future persecution on account of his membership in that group, *see Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). A particular social group is cognizable if, among other things, it refers to "a discrete class of persons" and "the relevant society perceives, considers, or recognizes the group as a distinct social group." *In re W-G-R-*, 26 I. & N. Dec. 208, 210, 217 (B.I.A. 2014), *vacated and remanded in part on other grounds by Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016); *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (according *Chevron* deference to the BIA's construction of "particular social group"). This

Court and the BIA have both recognized that kinship ties can form the basis of a cognizable particular social group. *See, e.g.*, *Vumi v. Gonzales*, 502 F.3d 150, 154 (2d Cir. 2007); *In re Acosta*, 19 I. & N. Dec. 211, 233-34 (B.I.A. 1985), *overruled in part on other grounds by In re Mogharrabi*, 19 I. & N. Dec. 439 (B.I.A. 1987).

The agency's cursory explanation for its conclusion that Orellana-Rodriguez has not demonstrated a nexus between the harm he fears and a particular social group is insufficient to permit meaningful review and the case therefore requires remand. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.").

The IJ denied Orellana-Rodriguez's claim of past persecution in part because (it ruled) Orellana-Rodriguez never defined or articulated what social group provided the basis for his claim of persecution. The BIA then summarily held that Orellana-Rodriguez's claims of violence in Guatemala "do not constitute past persecution 'on account of' a ground enumerated in the Act," citing cases holding that a particular social group had not been established. *BIA Op.* at 2. Contrary to these comments, Orellana-Rodriguez did articulate the putative particular social group that underlay his claims. For example, in Orellana-Rodriguez's written statement submitted to the IJ, he stated that it was the "combination of [his] family's relative success in business and past service in the military" that caused them to be targeted by violent gangs. Admin. Rec. 425. When asked during the IJ hearing why he and his family were targeted by the gangs, Orellana-Rodriguez explained that the attacks and threats stemmed from his uncle's anti-gang activity in the army. *Id.* at 93-94. And in his brief to the BIA, Orellana-Rodriguez stated that he "did articulate his membership [in] a particular social group . . . as someone who belonged to a family that is against Mara 18 and its affiliated drug group/syndicate." *Id.* at 7.

The agency failed to discuss and assess whether Orellana-Rodriguez's specific claims of membership in particular social groups met the applicable standards for a cognizable group. Without such a discussion, its denial of asylum and withholding of removal does not

3

allow for meaningful judicial review. At least with respect to his claim of persecution by reason of membership in a group consisting of families of police or military personnel which had moved against drug traffickers and gangs, we see little reason why a group so designated should not qualify. We therefore grant the petition and remand to the agency for consideration of the claim in the first instance. *See Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006).

We also remand the matter to the agency for further consideration of Orellana-Rodriguez's claim for relief under the CAT. The IJ and BIA denied CAT relief because they held that Orellana-Rodriguez had not pointed to government acquiescence in torture, noting that Orellana-Rodriguez said that the police offered some help to his family in response to the threats against them. Neither the IJ nor the BIA addressed, however, Orellana-Rodriguez's evidence that Guatemalan police and government officials are corrupt and involved in gang activity or other violence. Where the BIA concluded that the assistance of some government actors overrode the possibility that other actors could be complicit in torture, we have previously remanded a claim for CAT relief to the agency for further review, expressing "significant doubts about this view of what may constitute government acquiescence." *De La Rosa v. Holder*, 598 F.3d 103, 110 (2d Cir. 2010). Since the IJ and BIA appear to have relied on the approach that we criticized in *De La Rosa*, we remand so that the agency may fully consider Orellana-Rodriguez's evidence with respect to the Guatemalan government's alleged complicity in torture.

For the foregoing reasons, we **GRANT** the petition for review, **VACATE** the BIA's order, and **REMAND** the case to the BIA for further proceedings consistent with this decision.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4